**In re COUNTRY U.S.A., INC., d/b/a Foxy Lady, and Robert Meloche and Huguette Meloche, Debtors.**

**Bankruptcy No. 86–01657–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 28, 1987.

James A. McCauley, Fort Lauderdale, Fla., for debtors.

Anthony E. Pucillo, West Palm Beach, Fla., for Creditors Asselin.

## ORDER DENYING CONFIRMATION AND DISMISSING CASES

THOMAS C. BRITTON, Chief Judge.

■ A confirmation hearing was held January 27 on a single plan filed on behalf of the debtors in these two cases, which are administered together, but have not been substantively consolidated. The plan treats all assets and liabilities as though this case were substantively consolidated. No notice nor hearing has been provided. This procedural omission precludes confirmation of the plan.

■ Confirmation must also be denied under 11 U.S.C. § 1129(a)(7). Class 4 contains three creditors secured by lease/purchase contracts and installment loans. This class has rejected the plan. The plan proposes that these creditors be paid in 24 equal quarterly payments beginning 90 days after the effective date of the plan. These creditors are, therefore, impaired. The rejection of a plan by an impaired class requires denial of confirmation, unless it affirmatively appears that each claimant in the class will receive or retain under the plan on account of its claim property equal in value to the value of the claim, as of the effective date of the plan. The debtor has not satisfied this requirement for confirmation.

■ There is only one creditor in class 5, a husband and wife who hold an unsecured judgment in the principal amount of $22,525. The plan merely recites that this is "a contested and disputed claim" and that the debtor "has valid and justifiable defenses to this lawsuit". There is no provision in the plan for this creditor. Class 5, therefore, is also impaired and has rejected the plan.

■ Finally, confirmation must be denied under § 1129(a)(1) and § 1123(a)(5), which requires the provision in the plan of "adequate means for the plan's execution".

Mark B. Kleinfeld, Jones & Foster, P.A., West Palm Beach, Fla., for Bank of South Palm Beaches.

Curtis L. Witters, West Palm Beach, Fla., for Aureus Investments.

The debtors' attempt to comply with this requirement is a recital in article 4 of the plan that:

> "It is realistically expected that all creditors will be paid in full prior to the expiration of the dates reflected in the Debtors' Plan of Reorganization."

The record before me furnishes no predicate for such a finding. This case has been pending almost a year, since June 6, 1986. The debtors were ordered to file a certificate not later than 21 days after the confirmation hearing that the debtors' counsel held sufficient funds to make the first distribution called for under the plan to all creditors. Counsel's certificate reflects only $500 on deposit. The first priority administrative claims, entitled to immediate payment upon confirmation total $2,500. There is no provision for payment of a penny to any other creditor. The periodic debtor-in-possession reports filed by these debtors do not justify the assumption that the debtors will be able to approach, much less satisfy, the commitments extended by their plan.

For each of the foregoing reasons, therefore, confirmation is denied.

The debtors have not requested an opportunity to file another plan. If they did so, further delay would not be justified in this case. There has been no indication that new financing is available, and the ability of these debtors to generate sufficient funds to meet the minimum requirements of a chapter 11 reorganization has proved insufficient during the last ten months. The debtors have had a reasonable opportunity to attempt reorganization and have failed. It would be unreasonable for this court to further delay creditors in the exercise of their lawful remedies under state law. Accordingly, in accordance with the provisions of § 1112(b)(5) and at the request of a creditor (C.P. No. 55), this case is dismissed. Dismissal is with prejudice to the filing of any bankruptcy petition by these debtors earlier than one year after this order becomes final.